In re John W. ASKEY and Barbara Askey, Debtors.

John W. Askey and Barbara Askey, Plaintiffs,

v.

Commonwealth of Pennsylvania, Department of Public Welfare, Defendant.

Bankruptcy No. 00–22163–BM. Adversary No. 00–2266–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 14, 2001.

David A. Colecchia, Law Care, Greensburg, PA, for plaintiffs.

William Ryan, for defendant.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Commonwealth of Pennsylvania Department of Welfare (hereinafter "PADPW"), defendant in the above adversary action, has brought a motion to dismiss the above adversary action against it. PADPW maintains, among other things, that it is immune to debtors' lawsuit under the Eleventh Amendment to the United States Constitution.

Debtors John and Barbara Askey oppose the motion of PADPW and have responded with a motion of their own to strike PADPW's supplemental brief in support of its motion to dismiss.

We will dismiss debtors' complaint in light of the Eleventh Amendment It will not be necessary for us to address debtors' motion to strike in light of the resolution of PADPW's motion to dismiss.

## – FACTS –

Debtors are husband and wife and reside in Pennsylvania. They have three minor children.

PADPW is an agent or instrumentality of the Commonwealth of Pennsylvania.

Debtors separated in 1989 and reconciled at some unspecified time thereafter. Debtor Barbara Askey received welfare assistance for herself and their three children beginning in 1990 and until some time in 1993.

Some six years later, in April of 1999, the Court of Common Pleas of Westmoreland County, Pennsylvania, issued an order directing debtor John Askey to pay $50.00 per month to the Domestic Relations Section of the court and setting arrears for child support at $12,212.00. Both debtors consented to the order. His wages were attached and debtors' 1998 and 1999 federal income tax refunds were intercepted and applied toward these obligations.

The court issued another order in February of 2000 in connection with the placement of one of debtors' children in a youth detention camp for thirty days. It directed debtor John Askey to pay $25.00 per month to the Domestic Relations Section of the court and set arrears for child support at $132.00.

Debtors filed a voluntary joint chapter 13 petition on March 4, 2000. The bankruptcy schedules listed a disputed debt in the amount of $11,746.24 for child support owed by debtor John Askey to "Westmoreland County Community".

Debtors initiated the above adversary action against the Commonwealth of Pennsylvania on June 26, 2000. Count I of the complaint seeks a determination that the above disputed debt for child support is not excepted from discharge by virtue of 11 U.S.C. § 523(a)(5) and thus, is dischargeable. Count 11 seeks, in accordance with 11 U.S.C. § 547(b), to avoid the above wage attachments and interceptions of debtors' federal income tax refunds and to recover them in accordance with 11 U.S.C. § 550(a). It also seeks an injunction prohibiting the Commonwealth from taking further action to collect the debt for child support.

On July 26, 2000, the Commonwealth brought the present motion to dismiss the above adversary action debtors had brought against it.

Upon debtors' own motion, their chapter 13 case was converted to a chapter 7 proceeding and a chapter 7 trustee was appointed on August 16, 2000. Both the underlying bankruptcy case and the present adversary action were reassigned to this member of the court that same day.

Four creditors, but not PADPW, have filed proofs of claim in debtors' bankruptcy case.

Debtors brought a motion on October 16, 2000, to amend the caption of their complaint in the above adversary action to reflect that PADPW was the proper defendant.

On November 30, 2000, debtors brought a motion to strike PADPW's supplemental brief in support of its motion to dismiss.

After conducting the § 341 meeting subsequent to conversion of the case to a chapter 7 proceeding, the chapter 7 trustee reported on December 13, 2000, that it was a no-asset case.

A hearing on debtors' motion to amend the caption of their complaint, on PADPW's motion to dismiss, and debtors' motion to strike were held on January 11, 2001. We granted the motion to amend the caption of the complaint and took the other matters under advisement.

## – DISCUSSION –

PADPW asserts that the complaint against it should be dismissed because, among other reasons, it is immune to this adversary action under the Eleventh Amendment of the United States Constitution, which provides as follows:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although its language does not expressly so provide, the Eleventh Amendment also applies to suits brought against a state by one of its own citizens. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Sovereign immunity is based on the theory that each state is a sovereign entity in our federal system and, as such, is not amenable to suit in a federal court by any person without its consent. *Hans v. State of Louisiana,* 134 U.S. 1, 13, 10 S.Ct. 504, 506, 33 L.Ed. 842 (1890).

The phrase "against one of the United States" occurring in the Eleventh Amendment encompasses not only suits in which a state itself is named as a defendant, but also suits brought against an "arm of the state". *Regents of the University of California v. Doe,* 519 U.S. 425, 429–30, 117 S.Ct. 900, 904, 137 L.Ed.2d 55 (1997). It is not disputed in this instance that PADPW is such an "arm" of the Commonwealth of Pennsylvania.

The type of relief sought by a plaintiff is not relevant to the question whether the Eleventh Amendment applies to a lawsuit. It applies even when no monetary relief is sought. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 57, 116 S.Ct. 1114, 1124, 134 L.Ed.2d 252 (1996).

The Eleventh Amendment is not an absolute bar to the bringing of a suit against a state in federal court. A state may, for instance, waive its Eleventh Amendment sovereign immunity and consent to a suit against it in federal court. *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). PADPW has neither waived its sovereign immunity nor consented in any way to the present lawsuit. It has not, for instance, filed a proof of claim in the underlying bankruptcy case even though debtors listed its claim as disputed.

Congress also may abrogate Eleventh Amendment sovereign immunity, but only if: (1) it unequivocally has expressed an intent to do so; and (2) the abrogating legislation was enacted pursuant to a provision in the United States Constitution

giving it the power to do so in that particular instance. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984).

Debtors' adversary action, we have noted, is brought pursuant to 11 U.S.C. §§ 523(a)(5), 547(b), and 550(a). Section 106 of the Bankruptcy Code purports to abrogate the sovereign immunity of a state. It provides in relevant part as follows:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections ... 523, ... 547, [and] ... 550 of this title....

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order ... or judgment under such sections ..., including an order or judgment awarding a money recovery, but not including an award of punitive damages....

(4) The enforcement of any such order ... or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit....

11 U.S.C. § 106.

PADPW is an agency of the Commonwealth of Pennsylvania and therefore qualifies as a "governmental unit" for purposes of § 106(a). 11 U.S.C. § 101(27).

When Congress enacted § 106(a), it unequivocally intended to abrogate a state's Eleventh Amendment sovereign immunity in connection the Bankruptcy Code provisions therein enumerated. *Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania Department of Public Welfare (In re Sacred Heart Hospital of Norristown)*, 133 F.3d 237, 243 (3d Cir. 1998).

■ It therefore follows from the foregoing that § 106(a) effectively abrogates PADPW's sovereign immunity in this adversary action only if Congress enacted § 106(a) pursuant to some constitutional provision granting it power to do so in this instance.

At one time there were two recognized constitutional wellsprings from which Congress could derive power to validly abrogate Eleventh Amendment sovereign immunity. One source was the Commerce Clause of Article I of the Constitution. *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 19–20, 109 S.Ct. 2273, 2284, 105 L.Ed.2d 1 (1989). The other source was § 5, the so-called enforcement provision, of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 455, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976).

In a change of heart, the United States Supreme Court has concluded that Article I cannot be used to abrogate Eleventh Amendment sovereign immunity. *Seminole Tribe*, 517 U.S. at 72–73, 116 S.Ct. at 1131–32. The sole remaining constitutional source for abrogating Eleventh Amendment sovereign immunity is § 5 of the Fourteenth Amendment. *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 131 F.3d 353, 358 (3d Cir.1997), *aff'd*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).

Congress did not enact § 106(a) of the Bankruptcy Code pursuant to § 5 of the Fourteenth Amendment. What evidence there is indicates that it was enacted pursuant to the Bankruptcy Clause of Article I. *Sacred Heart Hospital*, 133 F.3d at 244. There is no defensible basis for differentiating the Bankruptcy Clause from

other Article I clauses—e.g., the Commerce Clause—when considering whether Congress may abrogate Eleventh Amendment sovereign immunity when enacting specific legislation.

It therefore follows that § 106(a) violates the United States Constitution to the extent that it purports to abrogate PADPW's Eleventh Amendment sovereign immunity. *Id.*, 133 F.3d at 245.

Based on the foregoing, we conclude that we may not hear and determine the above adversary action and may not issue any order or judgment against PADPW but instead must dismiss it in its entirety.

Debtors, we previously noted, have brought a motion to strike a brief submitted by PADPW. There is no need to address this motion in light of the resolution of PADPW's motion to dismiss.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW** at Pittsburgh this **14th** day of **February,** 2001, in accordance with the above memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that the motion to dismiss by Commonwealth of Pennsylvania Department of Public Welfare is **GRANTED.** The above adversary action hereby is **DISMISSED.**

It is **SO ORDERED.**